**Maria Luisa ARRIOLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70540,**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Maria Luisa Arriola, Van Nuys, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Luisa Arriola, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an im-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

migration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition in part, and grant it in part. We remand to the BIA for the limited purpose of considering Arriola's motion to remand her case to allow her to apply for relief under the Convention Against Torture.

The IJ properly concluded that Arriola failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of any of the five protected grounds. *See* 8 U.S.C. § 1158(a); 8 U.S.C. § 1101(a)(42)(A). Because she failed to establish eligibility for asylum, Arriola also failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

The BIA did not expressly rule on Arriola's motion to remand her case to the IJ to allow her to apply for relief under the Convention Against Torture, and the government concedes on appeal that the BIA failed to consider Arriola's motion. Accordingly, we remand for the BIA to address Arriola's motion to remand in the first instance.

**PETITION FOR REVIEW GRANTED in part and DENIED in part and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.